UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20280-MC-MARRA

In re:

KATHLEEN ANNE SMITH CUTULI.

    Debtor.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Kathleen Anne Smith Cutuli's ("Cutuli") Amended Motion for Leave to Appeal, filed February 6, 2012. (DE 7.) In that motion, Cutuli requests that this Court permit an interlocutory appeal of the Bankruptcy Court's Order setting hearing, which was entered on December 2, 2011. The Court has carefully considered the motion, and the response of Mehrdad Elie ("Elie") and the Joinder Response of Marcia T. Dunn, Chapter 7 Trustee, and is otherwise fully advised in the premises.

I.  Background

On September 12, 2011, Cutuli filed a voluntary Chapter 7 petition with the Bankruptcy Court. (Voluntary Petition, Ex. A, DE 6.) As part of that petition, Cutuli completed Exhibit D to Official Form 1 entitled, "Individual Debtor's Statement of Compliance with Credit Counseling Requirement." Exhibit D to Official Form 1 states in part :

> Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.

> *Every individual debtor must file this Exhibit D.*

(Exhibit D to Voluntary Petition, Ex. A, DE 6) (emphasis in original).

Of the five statements enumerated on Exhibit D, Cutuli checked box number 3. By checking box number 3, she declared under penalty of perjury:

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. [*Summarize exigent circumstances here.*]

(Id.) (emphasis in original).

Cutuli then summarized her exigent circumstances by handwriting, "I am planning in the next week to complete a case on the credit conseling [sic] service. I am disabled and limited driving but I will have a friend drive me to the library to complete the class within 3 days." (Id.)

On September 13, 2011, Cutuli obtained the requisite credit counseling. (Certificate of Counseling, Ex. B, DE 6.) On September 21, 2011, the Bankruptcy Court entered an Order Setting Hearing to "determine whether an extension of time for completing the requisite counseling course is/was warranted." The Order also notified creditors that "if they wish to oppose an extension, or assert that the Debtor's petition should be dismissed for failure to complete credit counseling prepetition, they must file a written objection prior to the hearing." (September 21, 2011 Bankruptcy Order, Ex. C, DE 6.) No creditor filed an objection. (Creditor's Mehrdad Elie's Opposition to Debtor's (A) Opposition to Debtor's (1) Motion to Continue Meeting of Creditors and (2) Second Motion for Extension of Time to File Schedules; and (B) Request to Advance October 19, 2011 Hearing to October 17, 2011, Ex. D, DE 6.)

At the October 19, 2011 Bankruptcy Court's hearing, Cutuli's attorney stated, "The debtor

2

filed this case *pro se* and filed it at the instruction or the direction of a non-bankruptcy attorney. I think she didn't fully realize what she was getting herself into at the time."

(Transcript of October 19, 2011 Hearing at 5, Ex. E, DE 6.)   Further, Cutuli's attorney stated:

> The debtor didn't take credit counseling, not for any of the reasons specified in 109(h). She never attempted to take it before she filed. We don't think there are exigent circumstances here, and under the case law, or at least the vast majority of the case law, the position that we would take is that the Court doesn't really have discretion whether to dismiss the case, but that the Code requires such a result, because under 109(h) she can't even be a debtor, absent having taken credit counseling or a finding of exigent circumstances.

(Id.)

On December 2, 2011, the Bankruptcy Judge A. Jay Cristol issued an order on the Bankruptcy Court's Order Setting Hearing. (December 2, 2011 Bankruptcy Order, DE 1.)  The Bankruptcy Order noted that it was considering whether an extension of time for Cutuli to obtain the requisite credit counseling course required by 11 U.S.C. § 109(h)[1] was warranted. The

---

[1] This provision provides:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> . . . .
>
> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in

3

Bankruptcy Court reviewed her petition for relief under chapter 7, including her statement of exigent circumstances as to why she failed to obtain appropriate credit counseling prior to the filing her petition, as well as the arguments of counsel.  The Bankruptcy Court ruled that: (1) the eligibility requirements of 11 U.S.C. § 109(h) were not jurisdictional; (2) the Bankruptcy Court has authority to determine whether Cutuli was eligible to be a debtor under chapter 7; (3) Cutuli has waived and is judicially stopped from seeking to dismiss her bankruptcy case for failing to obtain appropriate credit counseling and (4) the Bankruptcy Court accepted Cutuli's statement of exigent circumstances and found that the credit counseling obtained by Cutuli on September 13, 2011 satisfied the requirements of 11 U.S.C. § 109(h).

Cutuli then filed her initial motion for leave to appeal, contending that this Court should permit her leave to appeal since if she is not eligible to be a debtor, the Bankruptcy Court has no jurisdiction over her assets. (Mot. for Leave to Appeal ¶ 10; Am. Mot. for Leave to Appeal ¶ 10.) She asserts that if she is not eligible to be a debtor, the bankruptcy case "represents a tremendous waste of judicial and professional resources." (Id. at ¶ 12; Id. at ¶ 12.)

In moving to dismiss the motion for leave to appeal, Elie argues that Cutuli has not met the standard required for leave to appeal an interlocutory order and the questions raised by Cutuli in her appeal are entirely fact-based.

---

paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

11 U.S.C. § 109(h).

II. Discussion

District court are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. § 158(a).  However, that provision does not provide the district court with any criteria for determining how to exercise its discretionary authority to grant a leave to appeal.  Therefore, a district court must instead turn to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the courts of appeals. In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).  In order to grant interlocutory review under 28 U.S.C. § 1292(b), a party must demonstrate that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.  See McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004).

Even applying these factors, the moving party still has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals).  Moreover, district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule.  United States Trustee v. PHM Credit Corp., 99 B.R. 762, 767 (E.D. Mich. 1989).  Put another way, "[r]outine resort to [section] 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for  exceptional cases while generally retaining for the federal courts a firm final judgment rule." Caterpiller Inc. v. Lewis, 519 U.S. 61, 74 (1996) (internal quotation marks

omitted).

With these principles in mind, the Court exercises its discretion and denies the motion for leave to appeal. First and foremost, the Court rejects Cutuli's attempt to define the controlling question of law as whether the eligibility requirements of 11 U.S.C. § 109(h) are jurisdictional. (Am. Reply at 2.) Rather, after reviewing the entire record, the Court concludes that the controlling question before the Court is: Was it within the Bankruptcy Court's discretion to rely on Cutuli's statement of exigent circumstances in determining whether she fulfilled the credit counseling requirement? Because Cutuli filed Exhibit D to Official Form 1 entitled, "Individual Debtor's Statement of Compliance with Credit Counseling Requirement," there is no "pure" issue of law that does not require studying the record. See McFarlin, 381 F.3d at 1258 (the type of question appropriate for interlocutory review includes "an abstract legal issue" or a matter that "can be decided quickly and cleanly without having to study the record.") The Bankruptcy Court had to either accept or reject Cutuli's proffer that she never took credit counseling, despite her filing of Exhibit D to Official Form 1. That question is fact-based.

Likewise, the remaining questions raised by Cutuli are also fact-based; namely, whether Cutuli should be estopped from seeking to dismiss her bankruptcy case for failing to obtain credit counseling and whether the Bankruptcy Court erred in accepting the proffer of exigent circumstances. (Am. Mot. at ¶ 9.) Next, because these questions are actual factual findings by the Bankruptcy Court, there can be no substantial ground for difference of opinion among courts. Finally, the Court concludes that an interlocutory appeal will not materially advance the ultimate termination of this case. Once the Bankruptcy Court has rendered its final judgment, Cutuli will be in a position to take a direct appeal to challenge any and all rulings of the Bankruptcy Court,

including factual rulings and legal rulings.  By following that approach, judicial efficiency will best be served.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Amended Motion for Leave to Appeal (DE 7) is **DENIED.**  The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge